IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID E. PAYNE                                                                              PETITIONER

VS.                                                                    CIVIL ACTION NO. 4:10cv54-DPJ-FKB

CHRISTOPHER EPPS, ET AL.                                                             RESPONDENTS

REPORT AND RECOMMENDATION

This matter is before the Court on the Respondents' Motion to Dismiss (Docket No. 8) filed pursuant to 28 U.S.C. § 2244(d), and, alternatively, 28 U.S.C. § 2254(b, c). The Petitioner has responded with a "Traverse" (Docket No. 9), as well as other various motions (Docket Nos. 6, 10, 13, 14, 15), which the Court has addressed by separate Order. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be **granted**.

I. FACTS AND PROCEDURAL HISTORY

On May 17, 1994, Payne was convicted of murder under Miss. Code Ann. § 97-3-19(1), in the Circuit Court of Lauderdale County, Mississippi. He was subsequently sentenced to serve life in the custody of the Mississippi Department of Corrections. Payne asserts that he did not appeal his conviction, see Petition at 15, and the Attorney General submits that the Mississippi Supreme Court Clerk's office confirms that he did not appeal his conviction and sentence to the Mississippi Supreme Court. According to the State, Payne's conviction became final on June 16, 1994, thirty days after he was sentenced. See Miss. R. App. P. 4.

However, after a review of the relevant dates and the record, the undersigned finds that Payne's conviction became final at a later time. A search of the relevant state court data bases reveals, and a review of Payne's petition shows, that the Mississippi Court of Appeals affirmed Payne's direct appeal of his conviction of murder in an opinion issued May 20, 1997. See Payne v. State, 695 So.2d 604 (Miss. Ct. App. 1997)(unpublished)(Appeal No. 95-KA-696 COA, May 20, 1997). Petitioner does not allege,

and the State does not assert, that Payne sought discretionary review by the Mississippi Supreme Court. In addition, Payne does not suggest or assert that he appealed his conviction to the United States Supreme Court.

The Fifth Circuit has ruled that a prisoner who does not seek discretionary review from the state's highest court does not receive the benefit of the ninety-day period for seeking certiorari from the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693-94 (5th Cir. 2003). Thus, for a prisoner who stops his appeal process at the Mississippi Court of Appeals, a conviction becomes final when the time for seeking review from the Mississippi Supreme Court expires. Pursuant to Mississippi Rule of Appellate Procedure 17(b), the time for seeking review from the Mississippi Supreme Court expires within fourteen days of the entry of judgment by the Court of Appeals, or the disposition of a petition for rehearing by that court. In Payne's case, the Mississippi Court of Appeals affirmed his judgment of conviction on his direct appeal on May 20, 1997. Therefore, his judgment of conviction became final fourteen days later, or on June 3, 1997.

Although the Petitioner asserts that he pursued some form of post-conviction relief in state court, it does not appear that he "properly filed" an application for post-conviction relief. According to his Petition, on June 18, 1994, he filed a petition for a state writ of habeas corpus through the Lauderdale County Board of Supervisors. Petition at 2. Payne's exhibits demonstrate that the Board of Supervisors returned his petition to him and advised Payne that he should pursue post-conviction relief in state court. See Letter from Lauderdale County Board of Supervisors, dated July 8, 1994 (Docket No. 1-3 at 19). Payne alleges that on July 25, 1994, through a friend, he mailed a notice of appeal via certified mail to the Mississippi Supreme Court Clerk, Linda Stone, and that he never received a response to the notice of appeal.[1] It appears that Payne did file an action in the Mississippi Supreme Court, Cause No. 2006-TS-

---

[1] The court presumes that this notice of appeal was the direct appeal of his conviction, which resulted in the decision affirming his conviction issued on May 20, 1997, by the Court of Appeals in Appeal No. 95-KA-696 COA.

00183, but it does not appear that this was a motion for post-conviction relief.  Instead, it was an appeal of a January 6, 2006, ruling in the Sunflower County Circuit Court denying relief for an untimely appeal of a decision of the Administrative Remedy Program and a petition for mandamus. He also alleges that he filed an action pursuant to 42 U.S.C. § 1983 for injunctive relief with the United States District Court for the Northern District of Mississippi, Civil Action No. 4:98cv94-D-B, but this action does not qualify as state post-conviction relief.

Payne has filed three separate habeas petitions before this Court. This Court dismissed <u>Payne v. Murphy</u>, Civil Action No. 4:95cv26-TSL-AGN, without prejudice on March 24, 1995.  In <u>Payne v. Puckett</u>, Civil Action No. 4:95cv108-TSL-AGN, this Court dismissed the action without prejudice on November 17, 1995, because Payne had failed to exhaust state remedies.  Finally, Payne filed yet another federal habeas petition in this Court on July 21, 1997, after the Mississippi Court of Appeals had affirmed his state court conviction on May 20, 1997.  <u>See</u>  <u>Payne v. Anderson</u>, Civil Action No. 4:97cv103-TSL-AGN.  On August 21, 1997, this Court dismissed that habeas petition without prejudice so that Payne could exhaust available state remedies.

Payne filed the present petition for habeas relief on April 6, 2010.  Neither Payne nor the State assert that Payne attempted to file a petition for post-conviction relief in state court between his August 21, 1997, dismissal of his § 2254 habeas petition by this Court and his April 6, 2010, filing of this petition.

II. DISCUSSION

In his petition, Payne sets forth six grounds for relief.  The State answered Payne's petition with a Motion to Dismiss, arguing that his petition was untimely and, alternatively, that he has failed to exhaust state court remedies.   An examination of the issues Payne has raised will aid the Court in the consideration of this case.

In his direct appeal of his state court conviction, the Petitioner raised the following issues as

error:

>1. Whether the trial court erred in allowing the State to impeach the testimony of Harvey Payne by the use of a prior inconsistent statement given by Payne.
>
>2. Whether the trial court should have excluded the testimony of Patrick Stamper as cumulative and unfairly prejudicial to the defendant.
>
>3. Whether the trial court should have granted a motion for a new trial or judgment notwithstanding the verdict because the verdict was against the overwhelming weight of the evidence.

Payne v. State, 695 So.2d 604 (Miss. Ct. App. 1997)(unpublished)(Appeal No. 95-KA-696 COA, May 20, 1997). The Court of Appeals rejected these arguments and affirmed Payne's conviction. Id.

In Payne's petition for habeas relief pending before this Court he raises a multitude of issues, summarized by the Court, as follows:

>1. Payne was falsely arrested on a fictitious warrant, he was maliciously prosecuted on a frivolous indictment, and exculpatory evidence was suppressed in violation of his due process and equal protection of the law, thereby resulting in an absence of state corrective process. Petition at 8.
>
>2. Payne was denied post-arrest counsel and pre-indictment counsel and was denied various pre- and post-trial hearings in violation of his constitutional rights. Petition at 17.
>
>3. Payne's constitutional rights were violated when facts were suppressed during trial, improper jury instructions were given, judicial misconduct occurred, and threats against him were made which kept him from testifying in his own behalf. Petition at 25.
>
>4. Payne's constitutional rights were violated by ineffective assistance of trial counsel through a conflict of interest, deficient performance, falsification of court records, and aiding and abetting the state by suppression of evidence. Petition at 31.
>
>5. Payne's constitutional rights were violated when, in Payne's three previous habeas petitions filed before this Court, U.S. District Court Judge Tom Lee falsely accused him of not exhausting his state remedies, sought to force upon him an unconstitutional statute and procedure which did not apply to his case, and thereby suspended his right to habeas corpus. Petition at 37.
>
>6. Petitioner has been denied due process and equal protection in his parole hearings from 2003 to the present. Petition at 41.

Upon closer inspection of these grounds, it appears that the Petitioner attacks his state court conviction in claims one through four. In claim five, it appears that Payne attacks his three prior denials of federal

habeas relief in this Court. Finally, in claim six it appears that the Petitioner does not challenge his conviction, but instead he attacks his ongoing proceedings before the state Parole Board.

<u>A. Analysis under Section 2244(d)</u>

Turning to the State's Motion to Dismiss, the State points to the revised 28 U.S.C. § 2244(d) as the source of its position. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Payne filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Payne's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B-D), the State argues that this petition is untimely. The undersigned agrees.

As stated above, Payne's judgment of conviction became final on June 3, 1997, when he declined to petition the Mississippi Supreme Court for discretionary review, and he failed to petition the United States Supreme Court for a writ of certiorari. As explained above, Payne did not "properly file" a state motion for post-conviction relief to toll the running of the one year federal statute of limitations for habeas relief. Furthermore, it does not appear that Payne is a candidate for equitable tolling of the statute.[2] Other than the contention that he has been "held hostage" by the State for seventeen years, see Docket No. 13 at p. 64, Payne offers no reason to explain the nearly twelve year delay in filing for federal habeas corpus relief. Moreover, although Payne argues a claim of actual innocence, such a claim "does not constitute a 'rare and exceptional' circumstance [permitting equitable tolling], given that many prisoners maintain they are innocent." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Thus, without the benefit of tolling pursuant to § 2244(d)(2), Payne's application for a writ of habeas corpus was due in this Court by June 3, 1998. The petitioner signed his petition on March 31, 2010, and his petition for writ of habeas corpus was filed in this Court on April 6, 2010. Because Payne's petition was not signed and placed into the prison system mail by June 3, 1998, and there is no evidence indicating that the statute of limitations should be tolled, his petition is untimely under 28 U.S.C. § 2244, and, therefore, must be dismissed.

---

[2]"'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999)(quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). "Equitable tolling will be granted in 'rare and exceptional circumstances, ' and will not be granted if the applicant failed to diligently pursue his rights." Larry v. Dretke, 361 F.3d 890, 897 (5th Cir. 2004)(citations omitted); see also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999)(In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.). The United States Supreme Court has "stated that, to be entitled to equitable tolling, the petitioner 'must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Henderson v. Thaler, 626 F.3d 773, 777 (5th Cir. 2010)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), accord, Holland v. Florida, 130 S.Ct. 2549 (2010). Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. Larry v. Dretke, 361 F.3d at 897.

B.  Analysis of Section 2254

Alternatively, the State asserts that the petition should be dismissed for Payne's failure to exhaust state court remedies. Section 2254 provides, in relevant part, that:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)     (i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b-c)(1996).

The State asserts that because he has failed to exhaust state court remedies, Payne's petition should be dismissed so that he can pursue state court relief on these claims. That is, the State asserts that Payne never presented all of his current six grounds for relief to the State's highest court in a procedurally proper manner, and, therefore the Court should dismiss all of the claims so that the Petitioner can pursue them in state court.

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. See Edwards v. Carpenter, 120 S.Ct. 1587 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179

F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387.  Petitioner has not met this requirement as to any of these claims, and, as stated above, the State urges that the petition should be dismissed so that Payne may pursue state court remedies.  However, with regard to claims one through four, the undersigned is not inclined to dismiss those claims without prejudice because the Petitioner is now barred from pursuing them in state court due to the state court statute of limitations.  Petitioner has never presented claims one through four to the state court, and no relief would now be available because the three-year limitations period for post-conviction relief set forth in Miss. Code Ann. § 99-39-5(2) has run.  Thus, Petitioner has technically exhausted his state court remedies on claims one through four.  See Sones v. Hargett,  61 F.3d 410, 415 (5th Cir. 1995).

     A federal court may not review the merits of a procedurally-barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice.  Id. To satisfy the "cause" standard, the petitioner must show that "some objective factor external to the defense" impeded his compliance with Mississippi's procedural rules.  McClesky v. Zant, 499 U.S. 467, 493 (1991).  Petitioner has made no such "cause" showing.  Instead, in general, he rails against the prison system and argues that he "has been held hostage over 17 years due to the States official's [sic] involvement in organized crime terrorizing petitioner for his pro se attempt's [sic] to obtain relief and malicious prosecution for refusing to pleed [sic] guilty to manslaughter to cover up official's [sic] malfeasance."  Docket No. 13 at p. 64.  Because he has shown no "cause" for his default, the Court need not examine whether "actual prejudice" exists.   Herbst v. Scott, 42 F.3d 902, 906 (5th Cir.), cert. denied, 115 S.Ct. 2590 (1995).

     The next step in this determination is whether Payne's procedural default on claims one through four may be excused by a demonstration that failure to consider his claims will result in a fundamental miscarriage of justice.  These cases "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime."  McClesky, 499 U.S. at 494.  This standard

requires the petitioner to make a "'colorable showing of factual innocence.'" Herrera v. Collins, 113 S.Ct. 853, 862 (1993)(quoting Kuhlman v. Wilson, 477 U.S. 436, 454 (1986)). A review of the filings and relevant law shows that Payne fails as to this exception.

"Actual innocence" is not a constitutional claim in itself, "but instead [is] a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). In other words, it is merely a way to overcome a procedural bar, such as failure to properly raise a claim in state court, or filing after the limitations period has expired. The actual innocence exception is available for only the "narrow class of cases" where a petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v Delo, 513 U.S. 298, 315 (1995). Courts have determined, however, that the self-defense claim is a legal defense, and, consequently, have rejected arguments based upon self-defense as not arguing factual innocence, but legal innocence. Brown v. Gibson No. 99-6419, 2001 WL 363522 (10th Cir. Apr. 12, 2001); Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000).

Although Payne argues that his claim is one for "actual innocence," his claim does not overcome the procedural bar. Petitioner's "defense of another" argument can be likened to a self-defense argument. He does not deny that he shot the victim, but instead he asserts that the shooting both resulted from an accident and was committed in defense of another, his uncle. Petition at 10 (refers to act as a "justifiable homicide" in defense of his uncle), 11 ("Indictment is unsupported by fact that the homicide occured [sic] by accident and in defense of other person Harvey Payne."), 14 ("I acted upon the provocation of [victim] who assaulted Harvey [his uncle] without any justification.").

Likewise, the Petitioner's "accident" argument can be likened to a legal defense. The petitioner fully admits that he held the gun that shot the victim and does not dispute that he was at the scene of the murder. Therefore, his "accident" argument appears to counter the "wilfulness," "malice aforethought," and death by "deliberate design" elements of the murder statute by which he was charged, Miss. Code

Ann. § 97-3-19(1)(a).  See Indictment, Docket No. 1 at p. 104.  Thus, because these arguments are based upon "legal" innocence rather than "factual" innocence, Payne has failed to make a colorable showing of factual innocence.  Because this claim fails to show that Payne is "factually innocent" of the crime for which he was charged, he has failed to demonstrate that this Court's refusal to consider his claims will result in a fundamental miscarriage of justice. Accordingly, this Court should not consider his claims one through four on the merits, and his claims are procedurally barred in this Court.  See  Sones v. Hargett, 61 F.3d at 415.

In Payne's fifth ground for relief, he attacks the denial by this Court of his three previous habeas corpus petitions.  See Payne v. Murphy, Civil Action No. 4:95cv26-TSL-AGN (dismissed without prejudice on March 24, 1995); Payne v. Puckett, Civil Action No. 4:95cv108-TSL-AGN (dismissed without prejudice for failure to exhaust state remedies on November 17, 1995); and  Payne v. Anderson, Civil Action No. 4:97cv103-TSL-AGN (dismissed without prejudice for failure to exhaust state remedies on August 21, 1997).  By this argument, it appears that Payne is attempting to convert these denials into a separate basis of relief.  Payne's time to contest on appeal his three previous denials of habeas corpus relief has long since run.  See Fed. R. App. P. 4 (allowing thirty days to appeal the judgment of the district court).  Because this argument does not form a separate basis for habeas relief, it should be dismissed with prejudice.

In Payne's sixth and final basis for relief, he argues that he has been denied due process and equal protection in his parole hearings from 2003 to the present.  Petition at 41.  In other words, with this argument, he does not attack his conviction, but, instead, he attacks his parole proceedings before the state Parole Board.  Payne argues that he was denied due process when hearings were held without him or his parole advocate/friend, and he argues that he was denied equal protection when older inmates were granted release, but he was not granted the same relief based upon his age and his past involvement in litigation.  His filings demonstrate that this is an ongoing issue, and that his latest parole hearing was

scheduled for January 28, 2011. Docket No. 1 at 42 (Petition); Docket No. 1-4 at 41. The Court has not been informed of the outcome of the January 28, 2011, hearing. Because Payne has no protected liberty interest in parole, he can have no cognizable due process claim based upon the state's parole review procedure. Irving v. Thigpen, 732 F.2d 1215, 1218 (5th Cir. 1984)(where Mississippi parole law does not create a protected liberty interest, a prisoner "cannot maintain a section 1983 action or a habeas petition on the grounds that the parole board deprived him of procedural due process."); Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997)("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). Accordingly, Payne's claim that he was denied due process during the course of his parole proceedings should be dismissed with prejudice.

As to Payne's equal protection claim, it appears that he is alleging that the state Parole Board has given preference for parole to older inmates "who pose no threat." It also appears that Payne is alleging that the state Parole Board retaliated against him because he exercised his first amendment rights by seeking relief in court and seeking to bring criminal charges for having been allegedly "harass[ed] . . . at [a] private facility EMCF." Petition at 42. "In order to make out an Equal Protection claim, [the petitioner] must prove the existence of purposeful discrimination, which implies that the decisionmaker selected a particular course of action at least in part because of the adverse impact it would have on an identifiable group." Cotton v. Booker, 1998 WL 912201, *1 (5th Cir. Dec. 18, 1998)(unpublished)(§ 2254 case appealed from N.D. Miss.)(citing Johnson v. Rodriguez, 110 F.3d 299, 306-307 (5th Cir. 1997)). Payne must "allege that he was denied parole based upon discriminatory treatment due to his race or other improper motive, and not just due to an inconsistent application or result." Id. (citing Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993). "Thus, a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury." Johnson, 110 F.3d at 306; see also Cotton, 1998 WL

912201 (finding that an equal protection claim may be alleged in context of § 2254 action challenging state parole decision).

To the Court, it appears that Payne's claim of a denial of equal protection during the course of parole proceedings arises from an inconsistent application of the parole rules, and not from the existence of purposeful discrimination. Payne, who is a fifty-year old Caucasian veteran in allegedly poor health, and who has filed various actions in state and federal court, has failed to show that he is a member of an identifiable group which the state Parole Board has purposefully targeted for discriminatory treatment. If Payne is asserting that the Parole Board illegally discriminated against him in its decision making process because he is not "elderly," then all prisoners who were denied parole because they were not of advanced age could posit an equal protection claim. Likewise, Payne's retaliation claim does not rise to the level of an equal protection violation because he does not show that he was denied parole in an effort to "chill" his access to the courts or punish him for having brought various legal actions. See Johnson, 110 F.3d at 310. That is, he offers nothing more than his "personal belief that he is the victim of retaliation" to support his claim, which is simply not sufficient in this context. Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)(§ 1983 action).

Alternatively, because it is manifest that Payne has not exhausted his available state remedies on this claim challenging the denial of parole based upon an equal protection argument, the State's Motion to Dismiss should be granted on that basis, as well.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Respondents' Motion to Dismiss should be **granted** with the provision that Petitioner's claims one through five should be dismissed with prejudice. Further, Petitioner's due process claim in his claim six related to his parole proceedings should be dismissed with prejudice. Finally, Petitioner's equal protection claim contained in his claim six related to his parole proceedings should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 14th day of February, 2011.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE