IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID E. PAYNE                                                                                              PETITIONER

V.                                                               CIVIL ACTION NO.: 4:10-CV-54-DPJ-FKB

CHRISTOPHER EPPS, et al.                                                                            RESPONDENTS

ORDER

This Petition for Writ of Habeas Corpus [1] is before the Court on the Report and Recommendation [19] of Magistrate Judge F. Keith Ball and the Motion to Appoint Counsel, Motion for Hearing, and Motion to Expand the Record [22] of Petitioner David Payne.  The magistrate judge recommended denial of the writ because Payne's claims challenging his conviction are time and procedurally barred under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §§ 2244(d), 2254(b) (2006); his claims challenging dismissal of previous habeas petitions are time barred under Rule 4 of the Federal Rules of Appellate Procedure;[1] and his claims challenging his parole proceedings before the State Parole Board are procedurally barred under the AEDPA, 28 U.S.C. § 2254(b).  The Court agrees.  The Court further concludes that Payne's Motion [22] should similarly be denied.

While Payne objected to each of the magistrate judge's grounds for denial and raised similar arguments in his Motion [22], most of his arguments are unintelligible, unsupported in

---

[1]As an aside, the Court notes that while Payne has previously filed three separate habeas petitions before this Court, each was dismissed without prejudice, and consequently, none was adjudicated on the merits.  Therefore, the current petition is not considered a "second or successive" petition for purposes of the AEDPA, and Payne did not require authorization of the Fifth Circuit Court of Appeals to file.  *See* 28 U.S.C. § 2244(b)(3)(A); *accord Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

law, or mischaracterize the applicable standards. Below, the Court provides a brief discussion of the finer points of the magistrate judge's Report in light of Payne's Objection and Motion.

I.      Claims One Through Four Are Barred Under the AEDPA

   A.     The Claims Are Time Barred

As the magistrate judge concluded, Payne's right to challenge his conviction in federal court expired on June 3, 1998. The AEDPA imposes a one-year limitations period on petitioners seeking federal relief from state-court sentences. 28 U.S.C. § 2244(d)(1). The limitations period "run[s] from the latest of" the following events: (A) the date on which the petitioner's judgment becomes final; (B) the date on which a state-created impediment to filing a petition is removed; (C) the date on which a newly recognized and retroactive constitutional right is recognized by the U.S. Supreme Court; or (D) the date on which a petitioner could have discovered a factual predicate to his claims. *Id.* Payne has not argued the applicability of subsections B through D. Thus the magistrate correctly analyzed Payne's petition under § 2244(d)(1)(A).

The Mississippi Court of Appeals affirmed Payne's conviction on May 30, 1997. Payne never appealed. Judge Ball concluded, under Rule 17 of the Mississippi Rules of Appellate Procedure, that Payne's judgment of conviction became final on June 3, 1997, when his time to seek review of the conviction from the Mississippi Supreme Court expired. *See* Miss. R. App. P. 17(b) (giving petitioners 14 days to appeal a decision of the Mississippi Court of Appeals). Thus, Payne's opportunity to seek habeas review of his conviction in federal court expired on June 3, 1998—one year after his judgment of conviction became final and nearly 12 years before he filed this petition.

Nevertheless, Payne could circumvent this time bar by demonstrating he was entitled to statutory or equitable tolling.  The AEDPA tolls the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Equitable tolling, on the other hand, "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted).

While Payne never directly addresses the tardiness of his petition, he attacks the sufficiency of his available state-court remedies.  Liberally construed, Payne appears to argue for the application of the AEDPA's tolling provision.  *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction.").

In his Objection, Payne argues that the Mississippi Uniform Post-Conviction Collateral Relief Act (MUPCCRA), consolidating all forms of post-conviction collateral relief from state-court judgments, is unconstitutional.  *See* Miss. Code Ann. §§ 99-39-3 to -29 (2010).  Payne apparently bases his claim on his constitutional right to the writ of habeas corpus, which he argues was unlawfully suspended by the passage of the MUPCCRA.  *See* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").  But Payne is mistaken.  Section 99-39-5 of the Mississippi Code allows "[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated" to "file a motion to vacate, set aside or correct the judgment or sentence" on the basis of any of ten separate grounds.  Miss. Code. Ann.

§ 99-39-5(1)(a)–(j); *see also id.* § 99-39-3(1) ("The purpose of this article is to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences. . . . The relief formerly accorded by [statutory and common law] writs may be obtained by an appropriate motion under this article."); *cf. Cole v. State*, 608 So. 2d 1313, 1319 (Miss. 1992) ("Our statute . . . does not work an unconstitutional suspension of habeas corpus."). Indeed, the Mississippi Supreme Court has noted that the Act, "in the pure post-conviction collateral relief sense, is arguably 'post-conviction habeas corpus renamed.'" *Walker v. State*, 555 So. 2d 738, 740 (Miss. 1990) (quoting James D. Bell, *Habeas Corpus: The "Great Writ" in Mississippi State Courts*, 58 Miss. L.J. 25, 28 (1988)).

In his Motion, Payne pursues another avenue, arguing that "the time has been tolled since 7-29-94 when Payne caused to be filed appeal of denial of state habeas relief to Linda Stone [by] certified mail." Pet'r's Mot. [22] at 2. This claim refers to a July 29, 1994 appeal mailed on Payne's behalf by Robert Davenport. *See* Pet. [1] Ex. 3 at 22–24. Essentially, Payne claims that he "properly filed" a petition for post-conviction relief in state court, but that the clerk either lost, misplaced, or refused to file it. *Accord* Pet. [1] at 2 ("Its [sic] not known what Stone did with the documents."). The record contains no copy of this alleged petition, but it does include the petition Payne initially sent to the Lauderdale County Board of Supervisors. *See id.* Ex. 2, at 30–44; *id.* Ex. 3, at 16–19. The Board returned the petition to Payne and advised him to file it in the trial court. *Id.* Ex. 3, at 19.

Even assuming Payne did submit a state court petition in July 1994, it was still not "properly filed" for purposes of the AEDPA, 28 U.S.C. § 2244(d)(2). Following direct appeal of his conviction, Payne could not have properly filed a state petition for post-conviction relief until after the Mississippi Court of Appeals ruled on the direct appeal. Miss. Code Ann. § 99-39-5(2) (granting a prisoner three years "*after* the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi," or three years "*after* the time for taking an appeal from the judgment of conviction or sentence has expired" to file a motion for post-conviction relief) (emphasis added); *accord Walker v. State*, 550 So. 2d 738, 741 (Miss. 1990) (noting that a prisoner "may not invoke the Post-Conviction Collateral Relief Act for any purpose until after his direct appeal has been ruled on"). The court of appeals affirmed Payne's conviction in May 1997. Payne allegedly filed his state-court habeas petition in July of 1994—nearly three years too early.[2]

Payne's right to State post-conviction relief is now time barred. And because Payne failed to seek State post-conviction relief within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," he is not entitled to the protection of the AEDPA's tolling provision. *See Flanagan v.*

---

[2]It is also not apparent from the record that Payne was granted leave to file an application for post-conviction relief. *See* Miss. Code Ann. § 99-39-7 ("Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court."); *accord McLamb v. State*, 974 So. 2d 935, 938 (Miss. Ct. App. 2008) (barring petitioner's application for post-conviction relief where "he failed to obtain the Mississippi Supreme Court's permission before he filed his petition").

*Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("[A]ny time that passed between the time that [petitioner]'s conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."). Payne had an available state-court remedy but failed to properly seek it in a timely manner, and thus he is not entitled to statutory tolling.

Neither is Payne entitled to equitable tolling. As the magistrate judge concluded, that doctrine is inapplicable because Payne failed to "diligently" pursue his rights and failed to demonstrate that "some extraordinary circumstance stood in his way and prevented timely filing." Report [19] at 6 n.2 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (other citations omitted). Indeed, though Payne filed three previous federal habeas petitions, his last was dismissed without prejudice on August 21, 1997. His failure to seek relief for the next 12 years can hardly be called "dilligent." And he has not demonstrated that the State impeded his ability to file a federal petition, especially in light of his numerous filings. Thus Payne is not entitled to equitable tolling. Consequently, Payne's right to challenge his state-court conviction in federal court is now time barred.

B.   Alternatively, the Claims are Procedurally Barred

In addition to being time barred, Judge Ball recommended finding that the first four grounds of Payne's Petition be dismissed as procedurally defaulted. Payne responds that the State waived its procedural-default position by failing to "argue any evidence at all in rebuttal" to the claims of actual innocence advanced in Payne's Petition. Pet'r's Obj. [20] at 1. While the limitations issue, *supra*, renders this argument fruitless, the Court notes that in part IV of its Motion to Dismiss [8], the State argued that Payne's claims were procedurally barred for failure

to exhaust his state-court remedies. Even so, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The magistrate judge's analysis of this issue was thorough and accurate, and is adopted in full.

II.     Claim Five is Time Barred

The district court is not the appropriate venue to appeal dismissals of a petitioner's previous habeas petitions. *See* 28 U.S.C. § 2253(a) ("In a habeas proceeding . . . before a district judge, the final order shall be subject to review, on appeal, *by the court of appeals for the circuit in which the proceeding is held.*") (emphasis added). The magistrate judge correctly concluded that Payne failed to appeal the decision of the district court on each of his previous habeas petitions in the time allowed under Rule 4 of the Federal Rule of Appellate Procedure. *See* Fed. R. App. P. 4(a)(1)(A) (allowing 30 days to file a notice of appeal in civil cases). In fact, Payne never filed a notice of appeal in any of the previous proceedings. Nor was a certificate of appealability issued by either the district or circuit courts. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("[A] COA is required to appeal 'the final order in a habeas corpus proceeding.'") (quoting 28 U.S.C. § 2253(c)(1)(A)). This is not the proper forum to appeal those dismissals.

III.    Claim Six is Procedurally Barred

Payne also opposes the dismissal of his due-process and equal-protection claims arising from his parole hearings before the State Parole board. Because Payne never presented these claims in state court, the magistrate judge recommended that both claims be dismissed for failure to exhaust.

Because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust" state-court remedies, 28 U.S. C. § 2254(b)(2), Judge Ball recommended dismissing Payne's due-process claim with prejudice. Relying on the Fifth Circuit's decision in *Irving v. Thigpen*, the magistrate judge concluded that Payne had "no cognizable due[-]process claim based upon the [S]tate's parole review procedure." Report [19] at 11 (citing 732 F.2d 1215, 1218 (5th Cir. 1984)). Payne objects, arguing that "[t]here is no such thing as a statute that does not require mandated due process, it would be no law at all[,] just lip service." Pet'r's Obj. [20] at 10. But Payne's argument is clearly contrary to law. *See Tubwell v. Roberts*, 207 F.3d 659, at * 2 (5th Cir. 2000) (citing *Irving*) (unpublished table decision); *Young v. Houston*, 124 F.3d 194, at *1 (5th Cir. 1997) (same); *Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987) (same).

Payne also objects to dismissal of his equal-protection claim, alleging that the Parole Board members have grossly neglected their duties. Pet'r's Obj. [20] at 12. He further suggests that his denial of parole is a "reprisal" for filing this habeas petition. *Id.* at 20. Though not expressly stated, it seems that Payne seeks an exception to the exhaustion requirement under § 2254(b)(1)(B)(I) (granting an exception to the exhaustion requirement where "there is an absence of available State corrective process"). In this vein, Payne argues that he has "no access to indigent prose [sic] exhaustion in Mississippi or Hinds County Circuit Court." Pet'r's Obj. [20] at 12. But again, Payne is incorrect. In Mississippi, an offender may seek judicial review of "an adverse decision rendered pursuant to an administrative review procedure . . . within 30 days" of the final decision. Miss. Code Ann. § 47-5-807. And although Payne acknowledges his right "to appeal from an administrative agency" under Mississippi law, *see* Pet'r's Obj. [20] at

11, he has failed to do so. Since the alleged violation of Payne's equal-protection rights appears to be ongoing, the magistrate judge correctly concluded that claim should be dismissed without prejudice.

IV.     Payne's Motion [22]

Payne previously sought an evidentiary hearing and court-appointed counsel, sought release on bond, and sought to expand the record on the basis of newly discovered evidence. *See* Pet'r's Mots. [6, 13, 14]. The magistrate judge granted Payne's request to expand the record, but denied the remaining requests, noting that an evidentiary hearing was unnecessary, and thus, Payne required no counsel nor was he entitled to bond. Order [18] Feb. 14, 2011 (citing *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (habeas petitioner is entitled to court-appointed counsel only where evidentiary hearing is necessary)). Payne now reurges these requests.

To the extent that Payne has made additional evidence a part of the docket in this case, his Motion is granted. But the balance of the requested relief is denied. Payne has failed to demonstrate the predicates to an evidentiary hearing as required by the AEDPA. *See* 28 U.S.C. § 2254(b)(2)(A) ("the court shall not hold an evidentiary hearing" unless petitioner's claim relies upon "a new [and retroactive] rule of constitutional law" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and petitioner has shown by "clear and convincing evidence" that "but for constitutional error, no reasonable factfinder would have found [him] guilty"). He is therefore not entitled to such a hearing, nor is he entitled to counsel. His motion for bond is also denied.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court.

Petitioner's equal-protection claim is dismissed without prejudice. Petitioner's remaining claims are dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE